IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSHUA DAVID HOLLON**                                            **PETITIONER**

**v.**                             **CIVIL ACTION NO. 1:24-cv-148-TBM-BWR**

**BURL CAIN**                                                    **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [18] entered by United States Magistrate Judge Bradley W. Rath on April 4, 2025. Judge Rath recommends that Respondent Burl Cain's Motion to Dismiss [9] be granted, that Petitioner Joshua David Hollon's Petition [1] be denied with prejudice, and that Hollon be denied a certificate of appealability to the Fifth Circuit. The Court finds that Hollon's Objection [19] should be overruled, and the Report and Recommendation [18] should be adopted as the opinion of the Court.

### I. STANDARD OF REVIEW

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). But, the objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole*

*Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). When the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Additionally, issues that are raised for the first time in objections to the report and recommendation are not properly before the district judge and need not be considered. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## II. ANALYSIS AND DISCUSSION

In the Report and Recommendation, Judge Rath recommends that Cain's Motion to Dismiss be granted, and this case dismissed with prejudice, because Hollon procedurally defaulted under 28 U.S.C. § 2254(b)(1). Following his 2021 guilty pleas for sexual battery in Harrison and Hancock Counties, Hollon was sentenced in January of 2022 to forty years in prison with ten years suspended. [18], p. 2. After filing two separate post-conviction relief ("PCR") motions in state court, Hollon's motions were consolidated and denied in November of 2022. *Id.* at p. 3. In February of 2023, Hollon appealed the denial of his PCR motion, and the Mississippi Court of Appeals affirmed the trial court's decision on May 7, 2024. *Id.* at p. 4. Hollon did not file a motion for rehearing with the Court of Appeals or a writ of certiorari at the Mississippi Supreme Court. Accordingly, Judge Rath found that Hollon's instant federal habeas action is procedurally barred because Hollon failed to exhaust his grounds for relief in state court. *Id.* at pps. 6-7 (citing 28 U.S.C.

§ 2254(b)). Notably, to satisfy the exhaustion requirement, the claim must have been "fairly presented to the highest state court." [18], p. 7 (citing *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004)). After Judge Rath entered his Report and Recommendation on April 4, 2025, Hollon filed his Objection on April 11, 2025.

In his one-page, hand-written Objection, which the Court interprets to the best of its ability, Hollon states the following:

> It[']s clearly stated by the courts Joshua David Hollon has no chance. Courts are bias[ed] due to the charges they are. Hollon has pleaded with every court his innocen[ce] and every time Hollon gets a response back he[']s not saying he[']s innocent. There is no law library at M.D.O.C. S.M.C.I. not like Hollon can look stuff up. Hollon has ask[ed] for all motion of discoveries and been denied. Hollon has ask[ed] for all court transcripts denied. Forced to take Johnson as an attorney. Child held over his head and Mississippi courts just think it[']s ok. Hollon come to Southern District hoping the whole case will be reviewed but he was wrong and sees there is no fight left. Hollon is legally mentally impaired and schizophrenic and just signed and said what he was told to do but courts don[']t see that due to type of charge. Hollon will just lay here hope to die or help speed the process. Thank you. Hollon sees the buddy system and payoffs go further than just the District Attorney and Attorney General now.

[19], p. 1. Hollon's general allegations concerning his counsel, his plea, and alleged impropriety by the district attorney and the courts were considered by Judge Rath in the Report and Recommendation. [18], p. 4. But, these allegations were disregarded because Judge Rath found Hollon procedurally defaulted—and is barred from federal habeas relief—after failing to exhaust his state remedies. *Id.* at pps. 10-11. None of Hollon's allegations in his Objection cure that defect. And since these arguments were already made to the Magistrate Judge, the Court need not make new findings. *See Hernandez*, 495 F. App'x at 416.

As Cain points out in his Response [20], Hollon appears to raise his alleged mental impairment and innocence arguments for the first time in his Objection. Therefore, these issues are not properly before the Court. *See Finley*, 243 F.3d at 219 n.3 Even still, mental impairments

3

"are not factors external to the petitioner's defense and do not excuse procedural default." *Gonzales v. Davis*, 924 F.3d 236, 244 n.4 (5th Cir. 2019) (citing *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012)).

And although not officially raised as a ground for relief in his Petition, Judge Rath considered Hollon's alleged innocence in analyzing whether Hollon could overcome his procedural default. At Hollon's state court plea hearing, he pled guilty and admitted that he "did have sex" with a minor victim. [18], p. 10 (citing [8-8], pps. 15-16). Because Hollon had not argued that he was actually innocent of the crimes to which he pled guilty and had not "support[ed] his allegations with new reliable evidence that was not presented at trial[, or] . . . show[n] that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence," Hollon could not overcome his procedural default. [18], p. 10 (citing *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)) (remaining citation omitted). Not only does Hollon raise his alleged innocence for the first time in his Objection, but his innocence was already considered by Judge Rath on the procedural default question in the Report and Recommendation. Hollon's conclusory allegation of his innocence, like his mental impairment claim, in the Objection does not change Judge Rath's procedural default finding.

Moreover, in making these conclusory allegations, Hollon does not specifically object to Judge Rath's findings in the Report and Recommendation. And the arguments in his Objection are either repetitive or improperly raised for the first time, meaning Hollon is not entitled to *de novo* review. Additionally, Judge Rath's findings—that Hollon's claims are barred by procedural default—are neither clearly erroneous nor contrary to law, and will be adopted as the findings and conclusions of this Court. *See Wilson*, 864 F.2d at 1221.

Finally, even if this Court were to conduct a *de novo* review of the record, Hollon's Objection would nevertheless be overruled, and the Report and Recommendation would be adopted as the opinion of the Court given that Judge Rath appropriately applied the law to the facts in this case. *See Raddataz*, 447 U.S. at 675.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Joshua David Hollon's Objection [19] to the Report and Recommendation is OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that Burl Cain's Motion to Dismiss [9] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that the Report and Recommendation [18] entered by United States Magistrate Bradley W. Rath on April 4, 2025, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that this CASE is DISMISSED WITH PREJUDICE.[1]

This, the 18th day of June, 2025.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[1] Although a habeas petition should ordinarily be dismissed without prejudice if an issue has not been exhausted in state court, habeas claims that are procedurally barred are still often dismissed with prejudice. *See Chancellor v. Mississippi*, 129 F. App'x 878, 879-80 (5th Cir. 2005) (citing *Rose v. Lundy*, 455 U.S. 509, 513-19, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)); *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999). "Only when the petitioner makes a colorable showing that his unexhausted claims would be considered on the merits by the state courts if he attempted to exhaust them, should the claims be dismissed without prejudice." *Walker v. Thaler*, No. Civ. A. H-08-3594, 2009 WL 3460262, at *3 (S.D. Tex. Oct. 23, 2009) (citing *Horsley*, 197 F.3d at 136-37). Notably, nowhere in Hollon's Objection does he refute Judge Rath's recommendation that this matter be dismissed with prejudice. And because Hollon is out of time to file a petition for writ of certiorari at the Mississippi Supreme Court, and a subsequent state court PCR motion would be successive, his unexhausted claims would likely not be considered on the merits in state court. Accordingly, his procedurally barred petition should be dismissed with prejudice.

5